WALKER, APPELLANT, *v.* GLENWOOD CORPORATION ET AL., APPELLEES.

[Cite as Walker *v.* Glenwood Corp. (1987), 30 Ohio St. 3d 601.]

(No. 86-1102—Decided May 6, 1987.)

*Frank A. Ray,* for appellant Brian A. Walker.

*Lane, Alton & Horst, Joseph A. Gerling* and *Robert D. Erney,* for appellees Glenwood Corp., Caloric Corp. and Raytheon Co.

MOYER, C.J., SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., dissents.

DOUGLAS, J., dissenting. I respectfully dissent from the majority decision to dismiss this appeal as having been improvidently allowed.

Rule X of the Rules of Practice of the Supreme Court provides:

"When upon consideration of a cause admitted for determination on the merits, the Court finds that there is no question of public or great general interest or that the same question has been raised and passed upon in a prior appeal, the Court will on its own motion dismiss the appeal as having been improvidently allowed. * * *"

The case before us involves an alleged intentional tort by an employer against an employee. Some of the issues raised by this appeal, which this court allowed for hearing on a motion to certify the record, are (1) whether the two-year statute of limitations of R.C. 2305.10 or the four-year statute of limitations of R.C. 2305.09 applies to intentional tort actions brought by an employee against his employer; (2) whether the "discovery rule" of *Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, 5 OBR 247, 449 N.E. 2d 438, applies to intentional tort actions; and (3) whether Am. Sub. S.B. No. 307, effective August 22, 1986, and specifically R.C. 4121.80(H), is unconstitutional as a result of its retrospective application to intentional tort actions. It is my judgment that issues one and two listed above are questions of public or great general interest and that the same questions have not been specifically raised and passed upon in a prior appeal. It is my judgment that issue number three above is not properly before the court and, in any event, is not necessary to decide for resolution of the case before us.

The parties have expended the time, effort and expense to brief and orally argue this case. The issues having been raised in a number of

previous cases coming before trial courts and courts of appeals across this state, it is my belief that we should decide the case and issue a merit decision. Therefore, I respectfully dissent.